Brian Douglas HESSEL, Petitioner—Appellant,

v.

Manfred F. MAASS, Respondent—Appellee.

No. 01–35329.

D.C. No. CV–99–00897–AA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided April 29, 2002.

Before B. FLETCHER, O'SCANNLAIN and BERZON, Circuit Judges.

MEMORANDUM *

Brian Hessel appeals the district court's dismissal of his habeas petition under 28 U.S.C. § 2254. Hessel challenges his conviction for six counts of intentional murder and two counts of aggravated murder. Or. Rev.Stat. §§ 163.115(1)(a), 163.095. Because the parties are familiar with the facts, we do not recount them here. We affirm.

1. Hessel contends that the trial court's failure to instruct the jury that extreme emotional disturbance ("EED") was a defense to aggravated murder (1) violated his constitutional right to present a defense; (2) impermissibly shifted the burden of proof to the defense on an element of the crime; and (3) violated his entitlement, as a capital defendant, to jury instructions on a lesser included offense recognized by state law. Although Hessel refined the second and third arguments in the district court and in this court, he sufficiently presented all three claims in state court to avoid a procedural bar. We therefore proceed to the merits of these three related issues.

■ a. The EED instructions limiting consideration of the defense to intentional murder did not violate Hessel's right to present a defense. Under Oregon law, EED is a defense to intentional murder, Or.Rev.Stat. §§ 163.115(1)(a), 163.135(1), but it is not a defense to aggravated mur-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

der, *State v. Wille,* 317 Or. 487, 858 P.2d 128, 131–32 (Or.1993); Or. Rev. Stat § 163.095. The court allowed Hessel to present evidence regarding EED, permitted him to argue that the prosecution did not meet its burden on intent, and informed the jury that it could consider EED as a defense to the lesser included offense of intentional murder. Thus, the court's instructions were proper under Oregon law, and they did not interfere with Hessel's constitutional right to present his defense. *See Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

In any event, any error here did not result in the actual prejudice required to grant habeas relief. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The jury must have considered and rejected Hessel's defense of EED, because it returned a guilty verdict on multiple counts of intentional murder, as to which it was instructed to consider EED as a defense.

■ b. The Oregon murder statute does not require the defense to bear the burden of proof on an element of the crime and thus does not violate due process. The Oregon murder statute is distinct from the statute in *Mullaney v. Wilbur,* 421 U.S. 684, 686–87, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), which presumed the element of malice aforethought and forced the defendant to disprove it by showing that he committed the killing in the heat of passion. Rather, Oregon's statute is for all relevant purposes identical to the murder statute upheld in *Patterson v. New York,* 432 U.S. 197, 205–06, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). It requires the prosecution to prove intent but allows the defendant the opportunity to prove EED as an affirmative defense that would reduce the charge to manslaughter despite an intent to kill. We therefore conclude

that the EED instruction under the Oregon murder statute did not violate Hessel's due process rights.

c. We also reject Hessel's contention that he was entitled to an instruction that EED was a defense to aggravated murder based on a capital defendant's right to a lesser included offense instruction. *See Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). The Constitution requires only that the defendant receive proper instructions regarding state law. The trial court's instructions allowing the jury to consider the lesser included offense of intentional murder, along with instructions that EED was a defense to that lesser included offense, were proper under Oregon law and thus did not violate Hessel's constitutional rights under *Beck.* Again, even if there was error here, it would not meet the *Brecht* standard of actual prejudice in light of the jury's rejection of the EED defense on the six counts of intentional murder.

Because the EED instruction did not violate Hessel's constitutional rights, we conclude that he is not entitled to relief under 28 U.S.C. § 2254.

■ 2. Hessel also argues that the prosecutor made two improper comments in closing argument—one addressing Hessel's silence in the face of police questioning and another allegedly referring to Hessel's failure to testify at trial. The state contends that Hessel's claim regarding the comment on his silence to the police is now procedurally defaulted because Hessel failed to present it to the state courts. We need not decide this issue, however, because we conclude that any error would not meet the *Brecht* standard. The statement referred only to Hessel's failure to tell police precisely where he and the victim had purchased crack cocaine before the murder. The comment had no bearing

**8**

either on Hessel's emotional state or on any element of murder.

 We also conclude that the second statement, even if we assume without deciding that the state court's failure to interpret it as a comment on Hessel's failure to testify at trial was an unreasonable application of *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), does not entitle Hessel to habeas relief. The only contested issues were Hessel's intent to commit the homicide and whether he could prove that he was under EED, a partial defense to intent to kill. So prejudice could only have resulted if the jury took the prosecutor's comment as suggesting an inference that because Hessel did not testify regarding his state of mind, he did have the requisite intent or was not under EED when he committed the homicide. The jury, however, listened to tapes of Hessel himself describing the circumstances and his state of mind leading up to the homicide. The jurors were very unlikely to draw any negative inference from Hessel's failure to testify in person regarding the murder, when, as far as they were concerned, he *did* so testify (waiving his privilege against incrimination) through his recorded statements. We conclude that the prosecutor's second statement, even if it violated *Griffin*, did not cause *Brecht* prejudice.

The district court's dismissal of the habeas petition is AFFIRMED.